NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
TERESA ZAPPIA,                          :
                                        :
    Plaintiff,                          :    Civil Action No. 18-14337 (SRC)
                                        :
    v.                                  :    **OPINION**
                                        :
COMMISSIONER OF SOCIAL                  :
SECURITY,                               :
                                        :
    Defendant.                          :
_____:

**CHESLER, District Judge**

    This matter comes before the Court on the appeal by Plaintiff Teresa Zappia ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be vacated and remanded.

    In brief, this appeal arises from Plaintiff's application for supplemental security income and disability benefits, alleging disability beginning March 19, 2014. A hearing was held before ALJ Kenneth Ayers (the "ALJ") on March 29, 2017, and the ALJ issued an unfavorable decision on September 18, 2017, finding that Plaintiff had not been disabled during the period in question. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

    In the decision of September 18, 2017, the ALJ found that, at step two, Plaintiff did not

have a severe impairment that had limited the ability to perform basic work-related activities for 12 consecutive months, within the meaning of the Act. The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

In brief, Plaintiff argues on appeal that the ALJ erred when he ruled that, at step two of the evaluation process, although Plaintiff had medically determinable impairments, these impairments did not meet the 12 month duration requirement.

Plaintiff contends, correctly, that the ALJ's decision does not conform to Third Circuit law. The Third Circuit set forth the legal standard for the step two analysis in McCrea v. Comm'r of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004). The Third Circuit held that a court reviewing a step two finding of no disability should give close scrutiny to that decision. Id. at 357. This Court finds that the ALJ's determination does not withstand such scrutiny. The ALJ did not apply the correct legal standard at step two of the sequential evaluation process, nor is his decision supported by substantial evidence.

The decision of the ALJ does not conform to relevant Social Security Rulings and Third Circuit authority regarding the limited function of step two in the sequential evaluation process. SSRs "are binding on all components of the Social Security Administration." 20 C.F.R. § 402.35(b)(1). SSR 85-28 (italics added) provides:

> Great care should be exercised in applying the not severe impairment concept. *If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation process should not end with the not severe evaluation step*. Rather, it should be continued. In such a circumstance, if the impairment does not meet or equal the severity level of the relevant medical listing, sequential evaluation requires that the adjudicator evaluate the individual's ability to do past work, or to do other work based on the consideration of age, education, and prior work experience.

The Third Circuit has interpreted such Rulings and their corresponding Regulations to hold that

2

"[t]he step-two inquiry is a *de minimis* screening device to dispose of groundless claims."
Newell v. Comm'r of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). The Newell Court further
emphasized:

> An impairment or combination of impairments can be found "not severe" only if
> the evidence establishes a slight abnormality or a combination of slight
> abnormalities which have "no more than a minimal effect on an individual's
> ability to work." SSR 85-28, 1985 SSR LEXIS 19 at *7-8, 1985 SSR LEXIS 19
> at *6-7. Only those claimants with slight abnormalities that do not significantly
> limit any "basic work activity" can be denied benefits at step two. *See Bowen*, 482
> U.S. at 158 (O'Connor, J., concurring). If the evidence presented by the claimant
> presents more than a "slight abnormality," the step-two requirement of "severe" is
> met, and the sequential evaluation process should continue. *See Smolen v. Chater*,
> 80 F.3d at 1290. Reasonable doubts on severity are to be resolved in favor of the
> claimant.

Newell, 347 F.3d at 546; accord McCrea, 370 F.3d at 360 ("The burden placed on an applicant at step two is not an exacting one. . . . Any doubt as to whether this showing has been made is to be resolved in favor of the applicant.") In McCrea, the Third Circuit reaffirmed the severity standard announced in Newell and added that, in light of the low threshold for severity, findings that an impairment is not severe "should be reviewed with close scrutiny" and are "certain to raise a judicial eyebrow." McCrea, 370 F.3d at 357.

In the instant matter, this Court concludes that the evidence cited by the ALJ does not constitute substantial evidence to support his determination at step two. As described *supra*, the step two analysis entails two sub-steps. At the first sub-step, the ALJ determined that the claimant had the medically determinable impairments of status post stroke (CVA), liver hemangiomas, renal angiomyolipoma, diaphragmatic hernia without obstruction or gangrene, mild gastritis, MTHFR gene mutation, prothrombin gene mutation, status post lumbar laminectomy in 1982, status post cholecystectomy, osteopenia, status post right knee surgery in 1975, and blood clotting disorder. At the second sub-step, the ALJ concluded that these

3

medically determinable impairments did not significantly limit the ability to perform basic work activities for 12 consecutive months, and thus were not severe within the meaning of the regulations.

The ALJ's determination at the second sub-step does not comply with Third Circuit law. In brief, the ALJ performed an analysis of a kind often seen at step four, in which he discounted and rejected one piece of medical evidence after another as not supported by the record. (Tr. 30.) Crucially, the ALJ's decision does not contain an analysis of the evidence for every severe impairment, showing that the evidence did not support finding any twelve month period of significant limitation. Nor did the ALJ present analyses showing that the evidence was sufficient to "determine clearly" that each and every one of these severe impairments is no more than a slight abnormality.

In Newell, the Third Circuit held: "Reasonable doubts on severity are to be resolved in favor of the claimant." Newell, 347 F.3d at 546. The ALJ did not apply this principle. The evidence of record is certainly sufficient to raise a reasonable doubt about the duration of at least one impairment in the group of twelve severe impairments. The evidence of record is not at all sufficient to support a determination that the evidence is so clear that there can be no doubt that Plaintiff failed to meet the duration requirement.

Furthermore, in Newell, the Third Circuit stated: "[t]he step two inquiry is a *de minimis* screening device to dispose of groundless claims." Newell, 347 F.3d at 546. The ALJ did not follow this principle. The evidence of record does not support the inference that this is a groundless claim. In making this statement, this Court has not prejudged the ultimate disability determination. Plaintiff may or may not ultimately succeed in proving disability, but the claim cannot be fairly described as "groundless."

The Court notes as well that, while Plaintiff's opening brief relied principally on the Third Circuit's decisions in <u>Newell</u> and <u>McCrea</u>, as described above, the Commissioner's opposition brief did not address those points. <u>Newell</u> and <u>McCrea</u> go unmentioned by the Commissioner. Plaintiff's arguments are not only correct; they are unopposed, and this Court construes the Commissioner's failure to oppose this central argument of Plaintiff's case on appeal as a concession that Plaintiff is correct.

Having examined the ALJ's determination at the second sub-step of step two, in view of Third Circuit law specifying a *de minimis* severity standard, this Court does not find "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971). For these reasons, this Court vacates the ALJ's decision and remands this case for further proceedings that are in accord with <u>Newell</u> and <u>McCrea</u>.

 s/ Stanley R. Chesler  
STANLEY R. CHESLER, U.S.D.J.

Dated: October 15, 2015